# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff/Respondent, | ) | |
| vs. | ) | Case No. 12-CR-50-002-JHP |
| | ) | 17-CV-391-JHP |
| CHRISTOPHER DARNELL LEWIS, | ) | |
| Defendant/Petitioner. | ) | |

## OPINION AND ORDER

This is a proceeding initiated by the above-named petitioner who is currently an inmate at USP McCreary in Pine Knot, Kentucky. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the judgment and sentence of the United States District Court for the Northern District of Oklahoma, in Case No.12-CR-50-002-JHP, is unlawful.

The court has reviewed the relevant trial court records associated with Case No. 12-CR-50-JHP. Those records reveal petitioner was, on March 5, 2012, named in a two-count indictment charging him with Count One: Obstruct, Delay and Affect Commerce by Robbery, in violation of 18 U.S.C. § 1951; and Count Two: Use, Carry and Brandish a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Thereafter, on July 11, 2012, petitioner was named in five counts of a ten-count superseding indictment, charging him with: Count One: Conspiracy to Obstruct, Delay and Affect Commerce by Robbery, in violation of 18 U.S.C. § 1951; Counts Five and Seven:

Obstruct, Delay and Affect Commerce by Robbery, in violation of 18 U.S. C. § 1951; and Count Six: Use, Carry and Brandish Firearms During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and Count Eight: Use, Carry, Brandish and Discharge a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). On January 22, 2013, petitioner entered a plea of guilty to Count Seven of the superseding indictment, pursuant to a plea agreement with the government in which the parties agreed, pursuant to Rule 11(c)(1)(C), that the appropriate disposition of the case was a 180-month sentence. Dkt. # 475. As part of his plea agreement, petitioner entered into certain appellate and post-conviction waivers, including waiver of his right to file a direct appeal of his conviction and sentence while reserving "the right to appeal from a sentence which exceeds 180 months." *Id.*, at p. 3. In accordance with this plea agreement, the court sentenced petitioner to 180 months of imprisonment and the judgment was filed of record on April 25, 2013 (Dkt. # 581). Petitioner did not appeal said conviction or sentence.

On July 3, 2017, petitioner filed the instant motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 796). On July 13, 2017, the government filed a motion to dismiss arguing the petitioner's motion to vacate should be dismissed because it was filed outside the statute of limitations. On August 14, 2017, petitioner filed a response in which he claims he could only file a motion to vacate once he was in federal custody.[1] To support this argument, petitioner cites a 1966 case from the Ninth Circuit, *Roberts v. United*

---

[1]According to petitioner, following his sentencing on April 25, 2013, he was transferred from federal custody into state custody and he was not returned to the custody of the federal government until February 24, 2017. Dkt. # 803, at p. 2.

*States*, 365 F.2d 251 (9th Cir. 1966), in which the court upheld the dismissal of a motion to vacate for the reason the defendant was serving a prior valid sentence which had not expired and when he "has completed serving the prior sentence, he will then be in a position to renew" his motion to vacate. *Id*.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), however, changed the statute of limitations for federal prisoners seeking habeas relief. Under the AEDPA, there is a one-year limitations period. *See* 28 U.S.C. § 2255(f). The one year runs from the latest of —

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

When a defendant does not pursue a direct appeal, the one-year statute of limitations for purposes of the AEDPA starts after the time for filing an appeal expires, or 14 days after the judgment is entered on the docket. *See*, *United States v. Burch*, 202 F.3d 1274, 1276 (10th Cir.)(holding judgment of conviction is final after the time for seeking certiorari review has expired). All of the claims raised within the petitioner's motion, could have been raised

immediately after the judgment was entered on the docket. Furthermore, petitioner does not point to anything which suggests this court should equitably toll the statute. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 1814, 161 L.Ed.2d 669 (2005)(citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

In this case, petitioner did not file a direct appeal (rather he waived the filing of the same). *See*, Dkt. # 475. As a result, this court finds petitioner's conviction became final when his time for appeal expired on May 9, 2013, fourteen days after the judgment was filed of record. Pursuant to 28 U.S.C. § 2255(f), petitioner's statutory year began to run on May 10, 2013, and it expired on May 10, 2014. *See, United States v. Hurst*, 322 F.3d 1256, 1260-1261 (10th Cir. 2003) (the year begins to run on the day after the judgment and sentence becomes final) and Fed.R.Civ.P. 6(a). Therefore, this court finds petitioner's motion to vacate, filed July 3, 2017, was not timely filed. Accordingly, this court hereby **grants** the government's motion to dismiss (Dkt. # 798).

## **CONCLUSION**

For the reasons stated herein, this Court hereby **grants** the government's motion to dismiss (Dkt. # 798). Further, pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings, this Court hereby declines to issue a certificate of appealability.

It is so ordered on this 21st day of August, 2017.

James H. Payne
United States District Judge
Northern District of Oklahoma